Hicks *et al. v.* Hicks *et al.*

(*Nashville*, December Term, 1934.)

Opinion filed February 23, 1935.

KINNEY & NORRIS and J. T. GRAY, JR., guardian *ad litem,* of Brownsville, for minor defendant.

HUGH L. CLARKE, of Brownsvillle, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This case is before us on petition for *certiorari* to the Court of Appeals. The bill was filed to recover possession of a tract of land and to have the same partitioned

among the complainants and the defendants, the allegation being that the complainants and all of the defendants save one owned the land as tenants in common. The defendants denied that complainants had any interest in the land, and the answer averred that certain of defendants had been in possession of the land for a number of years, the truth of the latter statement, indeed, being conceded by the bill. Considerable proof was taken, and the paper under which complainants claimed title was filed.

The chancellor made no separate finding of facts, nor did the decree contain any detailed finding of facts. The decree merely recited that the complainants failed to show any title in themselves, and the bill was therefore dismissed at their cost.

Upon appeal, the Court of Appeals affirmed the decree of the chancellor without consideration of the merits of the case because the record contained no finding of facts by the chancellor, either in the decree, or made separately. This action of the Court of Appeals was rested on the authority ascribed by that court to the opinion of this court in *Stiner* v. *Powells Valley Hardware Co.*, 168 Tenn., 99, 75 S. W. (2d), 406, 408.

We think that the Court of Appeals pressed the authority of *Stiner* v. *Powells Valley Hardware Company* too far. That was a suit, as the opinion shows, involving primarily questions of fact. The decree merely recited that the chancellor found the issues in favor of the defendant and dismissed the bill. There was no separate finding of facts contained in the record, and the Court of Appeals affirmed the decree of the chancellor by reason of the absence of such finding.

The premise of the conclusion of this court was that

the chancellor had filed a finding of facts, and that such finding of facts had been omitted from the record either by negligence or design. "In this situation," this court said "a litigant cannot omit such finding from the transcript because it is antagonistic to his interest and impose upon the appellate courts the task of determining the facts without the aid of the finding by the chancellor." Such being the plight of the record, this court denied the petition for *certiorari.*

The argument of the petitioner in *Stiner* v. *Powells Valley Hardware Company* was directed to the proposition that sections 10620 and 10621 of the Code, requiring finding of facts by the chancellor and by the Court of Appeals, were directory and not mandatory. The discussion by this court was chiefly directed to the refutation of this proposition.

■ The case before us differs from *Stiner* v. *Powells Valley Hardware Company.* There is no suggestion here that the chancellor made any finding of fact at all unless that part of the decree setting out "that the complainants have failed to show any title" be construed as a finding of fact.

Under such circumstances, we think the Court of Appeals erred in affirming the chancellor's decree without consideration of the merits of the case, or at least without taking any steps to have the record before it perfected.

■ ■ The sections of the Code above cited are familiar to the profession. They provide for a written finding of facts by the chancellor, and regulate this practice in some detail. These sections also provide for a finding of facts by the Court of Appeals and enact that, "to the extent that the findings of the two courts con-

cur, they shall, if there be any evidence to support them, be conclusive upon any review of the facts in the supreme court." It is further provided that: "The Court of Appeals shall not be limited to the consideration of such facts as were found or requested in the lower court, but it shall independently consider and find all material facts in the record."

Under these statutes, where the decision of the case depends on the determination of the facts, and there is no finding of facts by the chancellor, either separately or in his decree, correct practice would permit the Court of Appeals to remand the case to the chancery court for a proper finding of facts. Where there is a finding of facts by the chancellor, merely incomplete in the view of the Court of Appeals, since the statutes do not limit that court to the consideration of such facts as were found by the chancellor but expressly authorized it independently to consider and find all facts it deems material, it would be good practice for the Court of Appeals to find such facts, in addition to those found by the chancellor, as the appellate court deems material.

Neither the absence of a finding of facts nor a deficient finding of facts authorizes a summary affirmance by the Court of Appeals except in some such case as *Stiner* v. *Powells Valley Hardware Co., supra*, where a suppression of a finding was indicated. The chancellor is only expected to find such facts as he deems material. He may be of opinion that the disposition of the case does not turn on the facts and make no finding. Or, he may regard particular issues of fact as controlling and determine those only, leaving other issues at large. From either view, the Court of Appeals may differ. For that court out of hand, however, to affirm the decree be-

low, on the ground that there was no finding of facts, or on the ground that there was an inadequate finding of facts, would be to deprive a litigant of his right to an appellate review because the chancellor and the Court of Appeals disagreed as to what were the decisive points in the controversy.

The practice of remanding for a finding of facts, where the chancellor made none, was adopted by the Middle Tennessee section of the Court of Appeals in *Mrs. Nannie Lawrence Williams* v. *First National Bank of Dickson*, June 18, 1932. Judge FAW points out in that case that the remand would be under section 9054 of the Code which authorizes, to meet the ends of justice, a remand to correct "some defect in the record, want of proper parties, or oversight without culpable negligence." It was further noted in *Williams* v. *First National Bank*, upon authority of *Mynatt & Howell* v. *Hubbs*, 53 Tenn. (6 Heisk.), 320, that the effect of such an order of remand was not to dispose of the cause or displace it from the docket of the Court of Appeals, but to retain it suspended in that court until the order of remand should be complied with and the finding of fact be made by the chancellor and transmitted to the Court of Appeals. See, also, *Nolan* v. *Black*, 3 Shann. Cas., 578. A finding of facts being certified by the chancellor to the Court of Appeals, the cause would stand for hearing on the docket of that court without further proceedings.

We accordingly conclude that the case before us must be remanded to the Court of Appeals. Under ordinary circumstances, that court might remand the case to the chancellor, if it thought it necessary to have a finding of facts supplied. Under the particular circumstances existing, however, it will be necessary for the

Court of Appeals to determine this case irrespective of any finding of facts by the chancellor. The statutes above cited provide that: "The provisions as to a finding of facts shall not apply where, before it is made up, the judge who tried the case has died or has gone out of office, and in such case the clerk shall include in the record a certificate to that effect." Section 10621. The chancellor who heard this case has gone out of office. This we judicially know, and the certificate suggested by the statute is immaterial.

Section 10629 of the Code, which provides for review by this court of the judgments of the Court of Appeals on petition for *certiorari*, also enacts that: "No *certiorari* shall be granted unless the case shall at the same time be set down for oral argument in the supreme court." This section by its terms relates to the review of cases that have been "finally determined in the court of appeals." As heretofore seen, we do not treat this case as having been finally determined in the Court of Appeals. The writ of *certiorari* issuing herein is referable to section 8989 of the Code authorizing that writ in cases where an inferior tribunal "has exceeded the jurisdiction conferred, or is acting illegally." See *State ex rel.* v. *Alexander*, 132 Tenn., 439, 178 S. W., 1107. No argument is therefore required upon the issuance of the writ of *certiorari* herein at this time.

*Certiorari* granted. Judgment of Court of Appeals reversed, and the cause remanded to that court for further proceedings.