MOORE *v.* CHADWICK.

SAME *v.* KNOX.

(*Knoxville,* September Term, 1935.)

Opinion filed May 18, 1936.

224

RAULSTON & RAULSTON, of South Pittsburg, for plaintiff in error.

TOM C. KELLY, of Jasper, for defendants in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

In these two cases, judgments were recovered in the circuit court against Moore, by Eula Chadwick for personal injuries, and by Mrs. Goldie Knox for damages to her car. The cases are before us on petition for *certiorari* complaining of the action of the Court of Appeals in holding that the bill of exceptions could not be considered and thereupon affirming the judgments without considering the merits. That court said:

"The purported Bill of Exceptions must be stricken and the judgment of the lower court affirmed for the reason that same does not constitute a part of the record. A purported Bill of Exceptions signed by the trial judge, but not filed below, and failing to show when the trial Judge signed it, is not sufficient and does not constitute any part of the record. *Jackson* v. *Bell,* 143 Tenn., 452, 226 S. W., 207.

"The purported Bill of Exceptions is fatally defective for two reasons:

"(1) Because it was never filed in the office of the Clerk of the Court.

"(2) For the reason that the date on which same was signed by the Trial Judge does not appear.

"It must affirmatively appear from the record that the purported Bill of Exceptions was authenticated by the trial Judge within the time required by law, and since no error is assigned on a technical record, it is necessary to affirm the judgments on both cases."

The record is in a somewhat irregular and confused condition, but we are of opinion that the requirements touching authentication of the bill of exceptions have been substantially complied with. Page 15 of the Transcript is quite obviously the opening page of the bill of exceptions, carrying the style of the cases, the names of counsel, under the subtitle "Appearances;" this page being immediately followed by the index, called for on page 15, and this index being immediately followed, on page 17, by this recital: "On the trial of the above-styled cases the following proceedings were had before the Honorable L. R. DARR, Judge, and a Jury, beginning on the 21st day of June, 1935." The following page, 18, begins with this recital:

"The case announced ready for trial.

"Thereupon, a Jury was empaneled, examined, qualified and accepted.

"By Court: Read your Declaration," etc.

At the conclusion of the testimony, there appears, on page 244, the following:

"This was all the evidence introduced on the trial of this case."

This is followed by the charge of the court, motions for new trial, and on page 265 appears the following:

"The foregoing motion was argued by Counsel for the respective Parties before the Court. After hearing argument of Counsel and upon consideration of the same, the Court overruled defendant's motion.

"To the action of the Court, through Counsel, the defendant excepted, prayed and was granted an appeal in the nature of a writ of error to the next term of the Court of Appeals sitting at Nashville.

"The defendant is allowed thirty days from the date of the overruling of his said motion for a new trial within which to prepare and file his bill of exceptions, and otherwise comply with the law and the rules of the Court in such case.

"The defendant presents that his bill of exceptions to the judgment of the Court in overruling his motion for a new trial, which is filed within the time allowed by law, and which is signed and sealed and ordered to be made a part of the record in this case.

"By agreement of Counsel and upon orders of the Court the original exhibits will be sent up with the transcript in lieu of copies thereof.

"L. R. DARR, Judge.

"O. K. Tom C. Kelly, Attorney for Plaintiffs.

"O. K. Raulston & Raulston, Attorneys for Defendant."

■ Now, looking back to page 15, above mentioned, it will be seen that this notation appears near the bottom of that page:

"Filed This 11 day of July, 1935.

"J. A. HATFIELD,

"Circuit Court Clerk."

In other words, it appears that the clerk indorsed the bill of exceptions on the front, or caption, sheet,

rather than, as is more usual, at the end of the bill of exceptions. However, as already suggested, we are of opinion that this indorsement by the clerk is a substantial compliance with the rule, and it will be observed that the 11th day of July was within thirty days of the last day of the trial and within thirty days of the over-ruling of the motions for a new trial.

■ While it is true that the record does not appear to show the exact date on which the trial judge affixed his signature, as held by the Court of Appeals, we think the record as a whole clearly shows that his signature was affixed within the time allowed by law and by his order, that is to say, within thirty days from the 11th day of July, on which date the record discloses that the motions for a new trial were overruled.

It appears from an inspection of the transcript that the certificate of the clerk of the circuit court was attached on the 7th day of August, 1935, and that the transcript was filed in the Court of Appeals on the 10th day of August. It necessarily follows that the signature of the trial judge must have been affixed prior to the 7th day of August.

It moreover appears that the trial judge overruled the motion for a new trial and entered final judgment on the 11th day of July, and, in this order (Tr., page 280), recited as follows:

"The Court having considered said motion and the matters offered in support thereof, it is ordered that said motion be overruled; to which action of the Court the defendant excepted and now excepts and prayed an appeal in the nature of a writ of errors to the next term of the Court of Appeals sitting at Knoxville, Tennessee, which appeal was granted and the defendant was allowed

thirty days from the entry of the final judgment in this case to make and file his bond, bill of exception, and otherwise perfect his said appeal.

"Enter:

"L. R. DARR, Judge.

"O. K. Tom C. Kelly, Attorney for Plaintiff.

"O. K. Raulston & Raulston, Attorneys for Defendant."

It is suggested that the motions for new trials are not shown to have been spread on the minutes, but however this may be, they appear to be included in the bill of exceptions, which is sufficient. *Acme Box Company* v. *Gregory,* 119 Tenn., 537, 105 S. W., 350. While there is some apparent duplication of entries and confusion in their order, we think it clear (1) that the clerk marked the bill of exceptions filed in time, and (2) that the judge affixed his signature in time.

In view of what has been said, it becomes necessary to grant the writ and remand the cases to the Court of Appeals for further proceedings.

As in *Hicks* v. *Hicks,* 168 Tenn., 539, at page 545, 79 S. W. (2d), 802, 804, we do not treat this case as one "finally determined in the Court of Appeals," within the meaning of Code, section 10629, providing for oral argument upon granted petitions. In that case the Court of Appeals was held to have erred in affirming a chancery decree for want of a finding of facts by the chancellor, without considering the merits. Here the Court of Appeals again erred, in our opinion, in affirming the judgments without consideration of the merits. What was said in *Hicks* v. *Hicks, supra,* is equally applicable here: "The writ of *certiorari* issuing herein is referable to section 8989 of the Code authorizing that writ in cases

where an inferior tribunal 'has exceeded the jurisdiction conferred, or is acting illegally.' See *State ex rel.* v. *Alexander,* 132 Tenn., 439, 178 S. W., 1107. No argument is therefore required upon the issuance of the writ of *certiorari* herein at this time.''

Reversed and remanded to the Court of Appeals.