TRUSSELL v. TRUSSELL.—268 S. W. (2d) 120.

Middle Section.  October 30, 1953.

Petition for Certiorari denied by Supreme Court, April 16, 1954.

Raulston, Raulston & Swafford, and W. M. Ables, Jr., all of South Pittsburg, for plaintiff.

A. F. Sloan, of South Pittsburg, and Harold T. Foster, of Scottsboro, Ala., for defendant.

HOWELL, J.  In this case we are presented with a motion to strike the Bill of Exceptions for the reason that the record does not affirmatively show that the Bill

of Exceptions was authenticated by the trial judge within the time allowed by law and the order of the Court.

From the record it appears that this case was heard by the trial Judge on October 23, 1952. A motion for a new trial was heard and overruled and an order to this effect was entered on February 5, 1953. A bill of exceptions was prepared and tendered and ordered to be made a part of the record. This is signed by the trial Judge but not dated. The bill of exceptions appears to have been filed in the office of the Clerk on April 4, 1953. Some exhibits appear in the record which are authenticated on the — day of April 1953 by the trial Judge.

We are unable to determine from this record upon what date the trial Judge signed the bill of exceptions and the motion must be granted.

In the case of Central Produce Co. v. General Cab Co., 23 Tenn. App. 209, 129 S. W. (2d) 1117, 1119, this Court said:

"The trial judge affixed his signature to the bill of exceptions, but it is not shown on what date he signed it. The Clerk of the Court endorsed on it 'Filed, July 12, 1938,' and signed his name as clerk. This was within the time allowed by the court for the filing of the bill of exceptions, but it is not evidence that the judge signed it within the time required.

"The writing does not become a bill of exceptions until signed by the trial judge. Tennessee Procedure by Higgins & Crownover, sec. 1918; Southern Ry Co. v. Underwood, 8 Tenn. App. 142. And it must affirmatively appear that it was authenticated by his signature within the time allowed by law and by the court. Tennessee Procedure by Higgins & Crown-

over, sec. 1918; Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App. 394; Southern Ry. Co. v. Underwood, 8 Tenn. App. 142.

\* \* \* \* \* \*

"In the recent case of Moore v. Chadwick, 170 Tenn. 223, 94 S. W. (2d) 49, the bill of exceptions was held sufficient, although the date on which it was signed by the judge did not appear, because the record as a whole showed that his signature was affixed within the time allowed. But in the present case the record does not show this."

In the case of Burkett v. Burkett, 193 Tenn. 165, 245 S. W. (2d) 185, 186, the Supreme Court said:

"One of the grounds assigned in support of the husband's motion to strike the bill of exceptions was that this instrument did not affirmatively show that it was signed by the trial judge within the time allowed for its filing. The Court of Appeals sustained that ground of the motion. The question here is whether it erred in so doing.

"There is a very serious question of law as to whether the trial judge ever sufficiently signed this bill of exceptions. It will, however, be unnecessary to consider that question if the Court of Appeals did not err in striking the bill of exceptions on the ground above stated.

"The bill of exceptions does not expressly state when it was signed by the trial judge. It must appear on the face of this instrument that it was signed by him within the time allowed for its filing. State ex rel. Partin v. Dykes, 169 Tenn. 100, 102, 83 S. W. (2d) 243, and cases there cited."

The record does not show that this case comes within the ruling in the case of Moore v. Chadwick, supra.

The motion to strike is granted, and the judgment of the trial Court is affirmed.

The plaintiff in error will pay the costs.

Felts, Hickerson, JJ., concur.