**STATE of Tennessee, Petitioner,**

v.

**Michael L. DOUGHERTY et al.,
Respondents.**

Supreme Court of Tennessee.

July 17, 1972.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Phil M. Canale, Jr., Dist. Atty. Gen., Leland M. McNabb, Asst. Dist. Atty. Gen., Memphis, for petitioner.

Montedonico, Heiskell, Davis & Glanker, Memphis, for respondents Bonham, Wilks and Roberts.

Jim C. Galloway and Ike R. Clinton, Memphis, for respondents Dougherty, Dyer and Ray.

Patrick Johnson, Jr., James B. Johnson, Memphis, for respondent Graves.

Richard G. Busby, Memphis, for respondent Skelton.

Sam J. Catanzaro, Jr., Memphis, for respondent Davis.

## OPINION

PER CURIAM.

This is a petition for the writs of certiorari and supersedeas to the Court of Criminal Appeals. The substance of the allegations of the petition are as follows:

The respondents, Michael J. Dougherty, Edward Michael Bonham, Johnnie L. Roberts and Theodore R. Wilks, Jr., were jointly indicted by the Shelby County grand jury on December 9, 1971, for the offense of murder in the first degree. The respondents, James B. Dyer, William L. Graves, Danny L. Davis and Larry R. Skelton, were jointly indicted on the same day for the offense with intent to commit murder in the first degree. Respondent, Harold R. Ray, was indicted at the same time for the offense of dereliction of duty.

The offenses charged derived from a single incident.

Thereafter, certain respondents filed a motion in the Criminal Court of Shelby County seeking discovery of certain evidence under the control of the District Attorney General, specifically the statements of all witnesses and the results of certain tests, examinations and analyses performed by the Federal Bureau of Investigation by virtue of the authority granted by T.C.A. Sections 40–2044 and 40–2441.

After argument by Counsel for the respective parties the trial judge granted the motion and ordered the District Attorney General "to disclose to the defense Attorneys the following materials and information within his possession or control, or within the possession and control of any others who have participated in the investigation or evaluation of the case:

"Any written or recorded statements and the substance of any oral statements made by the accused parties, or made by a codefendant.

"Any reports of experts made in connection with the case, including the results of physical or mental examinations and the scientific tests, experiments or comparisons; this includes medical reports, autopsy reports, reports of medical examinations of the victim, fingerprint comparisons, blood tests, paint scrapings, hair charts, diagrams, articles of clothing, and all materials found at the scene of the offense."

Petitioner then filed a petition for the common law writs of certiorari and supersedeas in the Court of Criminal Appeals seeking to have that Court supersede and reverse the judgment of the trial court to the extent of correcting the errors complained of which are as follows:

"The Honorable trial court erred in ordering your petitioner, the State of Tennessee, to submit to the copying and inspection by the defendants of certain reports, tests, examinations, and analyses performed by the Federal Bureau of Investigation at the request of the State in that the trial court was without authority or jurisdiction to order or permit discovery of the work product of any law enforcement officer, Attorney for the State or his agent.

"The Honorable trial court erred in ordering your petitioner, The State of Tennessee, to disclose to defense Attorneys any written or recorded statements and the substance of any oral statement made by a codefendant in that such order is contrary to the law of Tennessee."

That Court heard the matter on oral argument and by a divided decision denied the petition in the following words: ". . . that there has been no factual averment made that would, if accepted as true, support the State's position that the trial court acted in an improper manner outside his apparent and inherent powers to facilitate and promote justice by the exercise of judicial discretion."

The State then filed the present petition in this Court.

Respondents filed a motion to dismiss the petition on the ground this Court has

no jurisdiction to review an interlocutory order of the Court of Criminal Appeals.

However, we are of the opinion the Court of Criminal Appeals acted arbitrarily and illegally in dismissing the petition.

Therefore, the writ of certiorari issuing herein is referable to T.C.A. Section 27–801 which authorizes that writ in cases where an inferior tribunal "has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." Hicks v. Hicks, 168 Tenn. 539, 79 S.W.2d 802 (1935); Moore v. Chadwick, 170 Tenn. 223, 94 S.W.2d 49 (1936).

Prior to the enactment of T.C.A. Sections 40–2044 and 40–2441 discovery of evidence in possession of the State in the criminal case was unknown in this State. Witham v. State, 191 Tenn. 115, 232 S.W. 2d 3 (1950); Hunter v. State, 222 Tenn. 672, 440 S.W.2d 1 (1969); Bass v. State, 191 Tenn. 259, 231 S.W.2d 707 (1950).

■ We do not have broad discovery in criminal cases in Tennessee. Discovery in criminal cases is limited by T.C.A. Sections 40–2044 and 40–2441. West v. State, Tenn.Cr.App., 466 S.W.2d 524 (1971).

Under the allegations of the petition, the trial judge arbitrarily ignored the statutory and case law of this State in accepting the definition of the term "work product" as used in T.C.A. Section 40–2044 as promulgated by the American Bar Association.

■ Accordingly, we are of the opinion the Criminal Court of Appeals acted illegally in holding there was no factual averment made in the petition before it that the trial court acted illegally by the exercise of judicial discretion.

Under the allegations of the petition, the trial judge exceeded the jurisdiction conferred by T.C.A. Sections 40–2044 and 40–2441 and acted arbitrarily in ignoring the restrictions of those statutes by adopt-ing the definition of the term "work product" of the American Bar Association.

"Discretion must not be arbitrary; discretion depends upon the rules of law, and should be so exercised that the administration of law should be uniform and alike to all." Bob v. State, 10 Tenn. 174 (1826).

Furthermore, it is apparent the State has no other plain, speedy or adequate remedy. In the event any or all of the defendants should be convicted the question would be moot and in the event any or all of the defendants were acquitted the State has no right of appeal.

It results certiorari is granted. The judgment of the Court of Criminal Appeals is reversed and the cause remanded to that Court for further consideration of the matter from the standpoint of the statutory and case law of this State pertaining to the question involved.