**Dennis CARROLL, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

June 25, 1974.

Certiorari Denied by Supreme Court
Nov. 25, 1974.

Edward G. Thompson and Jerry Harris, Hugh W. Stanton, Jr. (on appeal), Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Arthur Bennett, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

O'BRIEN, Judge.

Defendant, Dennis Carroll, was convicted of selling heroin and sentenced to not less than nor more than five years confinement in the State Penitentiary.

On this appeal twenty-two assignments of error are submitted.

The first three assignments of error attack the weight and sufficiency of the evidence.

In summary, the State's proof was that two undercover agents for the Shelby County Sheriff's Department, in the company of a paid informer, each purchased a

packet of heroin from the defendant. Defendant was identified to the agents by the informer, who, after the purchase by them returned and made an additional purchase on his own behalf.

Defendant did not testify but introduced witnesses to establish an alibi. An employee of the City of Memphis Hospital placed defendant in the emergency room of the hospital for emergency treatment of a shotgun wound at 10:53 P.M. on August 25th, 1972. This was some three hours after the time of the alleged sale. Defendant was admitted to the hospital for observation some time after midnight, and was discharged on the following day, August 27th. His mother testified that he lived with her and spent most nights at home but did stay out some nights. She did not know if he had another place to stay. She remembered a day in August when he came into the house about dusk dark suffering from a shotgun wound. She observed the wound in his arm and urged him to go to the hospital, but he said it wasn't that bad. She looked and could not see anything, just a little hole which was not bleeding. He told her he would go to the hospital himself. Rita McClain testified she lived at 784 Poplar, the address where the alleged heroin sale took place. A man named Robert Furlough, whom she described as having almost the same general physical description as Dennis Carroll, sometimes stayed with her. Furlough made his living by gambling and selling narcotics. She was acquainted with Carroll who she knew came to 784 Poplar for the purpose of buying drugs. She saw him there mostly every day. Carroll did not stay at that address and she did not know what might have happened on August 25th, 1972, and did not know whether Carroll was there on that day or not. She remembered having heard about defendant being shot from Robert Furlough and recalled it to be in the evening time between light and dark.

▮ The evidence was adequate to warrant the verdict of the jury who had seen the witnesses and listened to their testimony. The verdict has been approved by the trial judge and defendant has failed to carry the burden imposed upon him here to show that the evidence preponderates against that verdict. See Gann v. State, 214 Tenn. 711, 383 S.W.2d 32; McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Brown v. State, 1 Tenn.Cr.App. 294, 441 S.W.2d 485.

It is contended that the trial court erred in overruling defendant's plea in abatement to the indictment.

On April 11th, 1973, a plea in abatement was filed on behalf of defendant by his appointed counsel. This plea moved for dismissal of two indictments pending against defendant on the grounds that each indictment alleged an offense on August 25th, 1972; that the sole witnesses for the State shown on the indictments were police officers; and defendant was not arrested until after the return of the indictment on November 10th, 1972; that the action of State's agents in delaying for two and one-half months an arrest (for an offense allegedly occurring in their presence) was a violation of defendant's rights under the Constitution of the United States and Tennessee. On April 23rd, 1973, defendant filed a plea in abatement, pro se, alleging he was denied his rights to request a preliminary hearing under the provisions of T.C.A. Secs. 40–1311 and 40–1131 because the indictment upon which he was arrested was his first notice of the charges against him. It was further alleged that the delay between the purported date of the offense and the date of the indictment was a denial of due process which prejudiced his defense, and the failure of the State to list on the indictment names of the principal witnesses to the alleged offense was a statutory violation as well as a violation of his rights under the Fourteenth Amendment to the Constitution.

▮ While this court recognizes that a formal charge may not be delayed for an unreasonably oppressive and unjustifiable

time between the date of an offense and the date of such formal charge, the defendant in this case has not shown that he was prejudiced by the two and one-half month time differential in this case and we find no violation of his right to due process. There was no significant delay in arresting defendant once he had been charged or in reaching his trial upon that charge. In regard to defendant's assertion of his right to a preliminary hearing, this court commented in Shadden v. State, Tenn.Cr.App., 488 S.W.2d 54, as follows on this issue:

"Clearly, in enacting T.C.A. § 40–1131 with its carefully designed limitation, the Legislature wisely recognized that to permit a preliminary hearing and a redetermination of the question of probable cause after return of an indictment or presentment would be intolerable. A finding of no probable cause by the committing magistrate in such a preliminary hearing would not and could not invalidate and vacate the prior presentment or indictment and discharge the accused. The futility of such a procedure is plain, and plainly was recognized by the Legislature."

"Furthermore, the Legislature manifestly was fully cognizant of the broad inquisitorial powers vested in the Grand Jury and recognized that the power and authority of the Grand Jury to inquire into and make its own independent investigation of crimes and criminal activity within the county makes that body the single most powerful law enforcement agency in the community, and deliberately determined to preserve the Grand Jury's vitally essential inquisitorial function. To hold otherwise, as the defendant would insist, would be to divest the Grand Jury completely of its inquisitorial function and powers and render it powerless to investigate crime in the community upon its own initiative and to return presentments to the court against individuals not previously arrested or even officially accused."

The other grounds stated in the pleas in abatement are not valid, or have been dealt with elsewhere in this opinion. The assignment is overruled.

By the fifth assignment it is said the trial court erred in overruling defendant's motion to quash.

■ The motion to quash charges only that two identical indictments were outstanding against defendant and he should not be called upon to answer both. The trial court required the State to make an election and defendant was brought to trial on one indictment. The second indictment is not contained in the technical record. The law is firmly established in this State that a motion to quash an indictment will not lie unless it is invalid upon its face. Smith v. State, 207 Tenn. 219, 338 S.W.2d 610; Yearwood v. State, 2 Tenn.Cr.App. 552, 455 S.W.2d 612.

■ The sixth assignment alleges the trial court erred in overruling that portion of defendant's pre-trial motion for inspection of test results where the substance allegedly sold by defendant had been destroyed in the process of testing.

The law in this State is settled on the issue of discovery by our Supreme Court's opinion in State v. Dougherty, Tenn., 483 S.W.2d 90, in which it was said:

"We do not have broad discovery in criminal cases in Tennessee. Discovery in criminal cases is limited by T.C.A. Sections 40–2044 and 40–2441. West v. State, Tenn.Cr.App., 466 S.W.2d 524 (1971)."

"Under the allegations of the petition, the trial judge arbitrarily ignored the statutory and case law of this State in accepting the definition of the term 'work product' as used in T.C.A. Section 40–2044 as promulgated by the American Bar Association."

"Accordingly, we are of the opinion the Criminal Court of Appeals acted illegally in holding there was no factual averment made in the petition before it that the

trial court acted illegally by the exercise of judicial discretion."

"Under the allegations of the petition, the trial judge exceeded the jurisdiction conferred by T.C.A. Sections 40–2044 and 40–2441 and acted arbitrarily in ignoring the restrictions of those statutes by adopting the definition of the term 'work product' of the American Bar Association."

" 'Discretion must not be arbitrary; discretion depends upon the rules of law, and should be so exercised that the administration of law should be uniform and alike to all.' Bob v. State, 10 Tenn. 174 (1826)."

It appears from the record in this case counsel erroneously determined from the Bureau of Narcotics and Dangerous Drug Report that there was none of the alleged heroin available for defendant's analysis. We are of the opinion that the methods of analysis of drugs, particularly heroin in this instance, are so standardized that the defendant was not seriously inhibited in his defense by the trial court's refusal to furnish the results of the government's tests prior to trial, had he been authorized to so do. Any qualified expert in that field could have thoroughly cross-examined the State's witness on the nature of the tests made and the manner in which they were performed. The assignment is overruled.

Assignment of error No. seven complaining that the trial court did not require the State to disclose the name of its informant, Larry Bell, before trial is without merit. The record clearly shows that defense counsel did confer with this informer prior to the trial. The assignment is overruled.

Assignment of error No. eight goes to the voir dire examination of the jury which is not included in the bill of exceptions and cannot be considered.

Assignments nine and ten allege the trial court erred in overruling defendant's objection to in-court identification of defendant by Carl Herring and Ralph Williams. The basis for these assignments is that Herring and Williams observed the defendant in jail several times after being relieved of their duties as undercover narcotic agents and assigned as jailers in the Shelby County jail.

In a jury-out hearing both officers testified they recognized the defendant from their first encounter with him. That there was sufficient lighting and their identification was positive. One of these witnesses described defendant's attire and physical characteristics minutely. The trial court ruled the identification of the defendant by these officers at the time of the sale was good. We agree that the identification by these officers was not tainted by subsequent observations of the defendant and was based solely upon their observation on the night of the offense. The assignment is overruled.

There is no merit to assignment No. twelve. Defendant objected to testimony of one of the undercover agents to the effect that the informer pointed out defendant as *the man in the bathrobe* as they were approaching him to make the purchase. Defendant was fully described by the two undercover agents and the matter of defendant's attire was gone into extensively on cross-examination. The assignment is overruled.

Assignment thirteen contends it was error for the Attorney General to remark, "let the record show the witness has identified the defendant" where an in-court identification was made of the defendant by a witness. The trial court remarked that the only purpose for this was to show for the record that the witness in each case had pointed out the defendant as the object of their identification. The assignment is frivolous and is overruled.

The fourteenth and fifteenth assignments complain of a witness referring to a photograph of the defendant as a "mug shot". This was an inadvertent reference to the photograph by the officer in

**18**

police parlance. The trial judge fully and extensively explained this matter to the jury and instructed them not to consider this statement. He admonished the witness not to use the term again. If such be error, it was harmless beyond a reasonable doubt. T.C.A. Sec. 27–117.

Assignments sixteen, seventeen, and eighteen charge error relating to the testimony of the State's expert witness in regard to the percentage of heroin normally found in street sales in the southeastern area of the United States; in regard to admission of an envelope, which was material to the chain of evidence in transmitting the heroin sample for analysis, because it contained the defendant's name and the entry was made outside of his presence; and his testimony regarding the effects of heroin on the human body because of the witness' lack of qualification and because the evidence was inflammatory.

The witness testified the substance analyzed contained 17% heroin hydrochloride while the normal street percentage in this area was from 4% to 7%. There was earlier testimony to the effect that the defendant has stated to one of the witnesses that the quality of the heroin was good. This evidence was not material to the issue of whether or not defendant was guilty of the offense with which he was charged nor is there any indication that this evidence inflamed the jury in view of the verdict which they returned. Had the chain of evidence not been established there is no doubt there would have been reversible error and there was no prejudice to the defendant in the introduction of the envelope with information containing defendant's name. The assignments are overruled.

Assignment No. nineteen assesses error in the trial court's refusal to allow defendant to argue he was an addict when the proof showed to the contrary, and complains the court's comments at the time constituted a comment on the evidence contrary to the Constitution of the State of Tennessee. Assignments No. twenty and twenty-one complain of the trial court's action in control of argument and the conduct of the trial.

This trial was conducted under very difficult circumstances. It is apparent that defendant attempted to represent himself with the assistance of two trial appointed counsel. The learned trial judge was very patient and tolerant with defendant in an effort to see that he was provided a fair and impartial trial. The argument of counsel is not included in the record, and we find no merit to the assignments.

Assignment No. twenty-two alleges defendant is denied his right to full and adequate appellate review because the bill of exceptions does not contain any of the State's exhibits. Those exhibits omitted were not essential to a fair analysis and proper decision on the assignments of error which have been made, therefore we overrule the assignment.

Judgment is affirmed.

WALKER and DWYER, JJ., concur.