Charles Jamerson SMITH, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

July 25, 1974.

Certiorari Denied by Supreme Court
Dec. 9, 1974.

J. C. Hough, Memphis, (on trial), Walker Gwinn, Memphis (on appeal), for plaintiff in error.

Milton P. Rice, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Don F. Young, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

RUSSELL, Judge.

The plaintiff-in-error, Charles Jamerson Smith, represented by members of the Public Defender's staff upon the trial and upon this appeal, was convicted in two consolidated cases of selling heroin. Punishment was set at five (5) to thirteen (13) years in each case, and the sentences were allowed to be served concurrently. The two sales were upon the same date at the same place and made to two undercov-

er police officers who were in the presence of each other. The officers so testified, and were corroborated as to what happened before and after the transactions by two other officers. The only defense offered was the testimony of plaintiff-in-error that he could not remember where he was or what he was doing on the date in question, and that he had never sold heroin to anybody. The first three assignments of error, going as they do to question the legal sufficiency of the convicting evidence, are overruled. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173 (1963).

■ Error is assigned upon the trial court's denial of Smith's motion "for the production of chemical analysis information". It is said that this denial precluded proper preparation for cross-examination of the State's expert witness, who identified the substance involved as heroin, "not knowing which tests were run and the results thereof". This exact contention was rejected by this Court in the case of Robert Carson v. State, Shelby Criminal No. 11, filed at Jackson on January 28, 1974, certiorari denied by the Tennessee Supreme Court on March 4, 1974. See also State v. Dougherty, Tenn., 483 S.W.2d 90 (1972).

Error is assigned upon the trial court's overruling a "plea in abatement" filed April 11, 1973, which asked the court "to dismiss his indictment" (1) because he was indicted before he had a preliminary hearing, (2) because the State "withheld the names of their principle witnesses until requested by defendant's motion in open court on 2–15–73 * * *", and (3) because the trial court had declined to grant his motion for the production of chemical analysis information. Apparently this "plea in abatement" was overruled on April 23, 1973, without the introduction of any proof thereon.

■ The office of a plea in abatement is to reach a defect in an indictment not appearing upon its face. They are not favored, and in criminal cases must be filed at the first opportunity open to the defendant. Caruther's History of a Lawsuit, Eighth Edition, § 732, p. 885. Obviously the pleading filed in this case sought to re-hash the question of discovery of the State's chemical analysis of the contraband which question had already been ruled upon by the trial court, and also complained about not having the names of State's witnesses which names had been furnished by Court order after proper motion two months earlier, so in those particulars the pleading had no merit as a plea in abatement or otherwise. And since it has been clearly held by this Court that a defendant is not entitled to have an indictment dismissed merely because a Grand Jury indicted him and he was never given a preliminary hearing, the trial court did not err. On this latter point, see Shadden v. State, Tenn.Cr.App., 488 S.W.2d 54 (1972).

■ Finally, it is said that "this defendant was convicted twice for the identical charge". This assignment was never presented to the trial judge in the motion for a new trial or otherwise, and is therefore not properly presented to this Court. See Rule 14(4, 5). We would observe, however, that the evidence shows individual sales of heroin to two different under cover agents, with individual payments and individual deliveries. While it is true that the sales were at the same time and place, the evidence supporting each was independent of the other. See Duchac v. State, Tenn., 505 S.W.2d 237 (1974). The trial judge did allow the sentences to be served concurrently. As to the indictments being identical, except as to number, no added specificity was sought, they were each sufficient upon their face, and the evidence made out two cases.

Affirmed.

WALKER, P. J., and O'BRIEN, J., concur.