STATE of Tennessee, Petitioner,

v.

John Henry GANT, Respondent.

Court of Criminal Appeals of Tennessee.

Dec. 17, 1975.

Certiorari Denied by Supreme Court March 8, 1976.

R. A. Ashley, Jr., Atty. Gen., W. Henry Haile, II, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., C. Douglas Thoresen, Asst. Dist. Atty. Gen., Nashville, for petitioner.

Horace E. Johns, Jr., Eagleville, for respondent.

MITCHELL, Judge.

## OPINION

John Henry Gant was serving a sentence in the State Penitentiary at Nashville. Agents of the Tennessee Department of Corrections searched Gant's cell without a search warrant and found in his possession an illegal controlled substance described as dope or narcotics. Gant was indicted and brought to trial.

On or about November 30, 1973, the trial judge of Division Two of the Criminal Court of Davidson County, Tennessee, on motion of Gant, suppressed the evidence on the ground that the search of Gant's cell was without a search warrant, and in violation of the prisoner's rights under the Fourth Amendment to the Constitution of the United States.

The District Attorney General filed a petition for writ of certiorari in which he alleged that the State was aggrieved by the trial judge's decision in as much as the prosecution was for possession of a controlled substance for resale, and that the suppression of the evidence effectively terminated the prosecution and left the petitioner without an adequate remedy at law.

The petitioner averred that the trial court abused his judicial discretion in ruling that a search warrant was necessary to search respondent Gant's cell.

The petitioner prayed that a writ of certiorari issue directing the Trial Court to certify the entire proceedings in this case to the Court of Criminal Appeals, and that the judgment of the trial court in suppressing the evidence be reviewed, reversed and set aside.

When this case came on to be heard in this Court it was found that the record was incomplete. We ordered that the entire record in the Trial Court be brought before us and that counsel for the State and counsel for John Henry Gant be allowed ample time to file briefs.

The balance of the record and briefs were duly filed.

The purported bill of exceptions is not authenticated by the trial judge, however the technical record shows that Gant's cell was searched without a warrant, that narcotics were found, that the evidence was suppressed on motion of Gant, and that the District Attorney filed a petition for Certiorari.

■ In deciding the question whether Certiorari will lie in a case of this kind, we think we can also look to the district attorney's petition and Gant's failure to deny the allegations in it. All parties seem to recognize that the search was made, contraband found and seized, and the evidence suppressed on motion of Gant.

■ The suppression of the evidence by the Trial Court completely and effectively ended the prosecution and left the District Attorney General, who prosecutes on behalf of the people, with no other plain, speedy, or adequate remedy.

T.C.A. 27–801 provides that:

"The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. [Code 1858, § 3123, (deriv. Const.1834, art. 6, § 10); Shan., § 4853; Code 1932, § 8989.]"

In his excellent brief able counsel for the respondent Gant says the respondent does not challenge the State's right to adopt reasonable measures at its state prisons to insure the safety of prisoners and prison personnel. That he does not question the right of the State to conduct searches of the person of prisoners, his belongings, and his cell in order to confiscate any contraband.

■ We think it is recognized, that for safety and security purposes, prison officials are authorized to search a prisoner's cell without a warrant for weapons.

We think the learned veteran trial judge was without legal authority to suppress the evidence and to hold that the search of the prisoner's cell without a search warrant violated the prisoner's rights under the Fourth Amendment to the United States Constitution.

We can think of no greater threat to the safety and security of prisons and prison officials than the possession of heroin or other narcotics, kept by a prisoner for the purpose of selling and distributing to other prisoners. It is hardly necessary to suggest that the use of such drugs by prisoners who are serving long sentences for rape, robbery and murder could present a most difficult and dangerous problem concerning the discipline and control of prisoners and prison personnel.

In *Lanza v. New York*, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962), the Supreme Court of the United States said:

"But to say that a public jail is the equivalent of a man's 'house' or that it is a place where he can claim constitutional immunity from search or seizure of his person, his papers, or his effects, is at best a novel argument. To be sure, the Court has been far from niggardly in construing the physical scope of Fourth Amendment protection.

A business office is a protected area, and so may be a store. A hotel room, in the eyes of the Fourth Amendment, may become a person's 'house,' and so, of course, may an apartment. An automobile may not be unreasonably searched. Neither may an occupied taxicab. Yet, without

attempting either to define or to predict the ultimate scope of Fourth Amendment protection, it is obvious that a jail shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. In prison, official surveillance has traditionally been the order of the day. Though it may be assumed that even in a jail, or perhaps especially there, the relationships which the law has endowed with particularized confidentiality must continue to receive unceasing protection, there is no claimed violation of any such special relationship here.

But even if we accept the premise that the room at the jail where the petitioner and his brother conversed was an area immunized by the Constitution from unreasonable search and seizure, and even though we put to one side questions as to the petitioner's standing to complain, the petitioner's argument would still carry far beyond any decision which this Court has yet rendered. The case before us bears no resemblance to such cases as *Leyra v. Denno*, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948, where a State attempted to use as evidence in a criminal trial a confession which had been elicited by trickery from the defendant while he was in jail. See also *Spano v. New York*, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265."

Counsel for the respondent has cited our unreported opinion in *Bartolini v. State*, Davidson County Criminal Court No. A–8914, filed September 19, 1973. We think the *Bartolini* case can be distinguished. There was a bill of exceptions in *Bartolini* which showed the trial judge found the affidavit to the search warrant for stolen property was defective, and we were unable to say that the trial judge acted illegally in suppressing the evidence.

■ We think *State v. Dougherty*, Tenn., 483 S.W.2d 90, supports our holding here that the trial court acted illegally in suppressing the evidence and left the State with no other plain, speedy or adequate remedy.

In Dougherty, the trial judge, on motion of the defendant, ordered the District At-

torney General to disclose to the defendant's attorneys written, and recorded statements and the substance of oral statements made by the accused, including reports of experts in connection with the case. This order included results of scientific tests, mental and medical examination, finger prints, blood tests, paint scrapings, hair charts, diagrams, and articles of clothing found at the scene of the crime.

The Supreme Court of Tennessee said:

"Therefore, the writ of certiorari issuing herein is referable to T.C.A. Section 27–801 which authorizes that writ in cases where an inferior tribunal 'has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.' *Hicks v. Hicks*, 168 Tenn. 539, 79 S.W.2d 802 (1935); *Moore v. Chadwick*, 170 Tenn. 223, 94 S.W.2d 49 (1936).

\* \* \* \* \* \*

We do not have broad discovery in criminal cases in Tennessee. Discovery in criminal cases is limited by T.C.A. Sections 40–2044 and 40–2441. *West v. State* [3] Tenn.Cr.App. [671], 466 S.W.2d 524 (1971)."

Accordingly the Writ of Certiorari is granted and the judgment of the trial court in suppressing the evidence is reversed. The case is remanded for further proceedings consistent with this opinion.

WALKER, P. J., and RUSSELL, J., concur.