Milligan, J.,
delivered the opinion of the Court.
This is an action brought on a note before a Justice of the Peace, executed by Cunningham to Crow, for $425, on the first of December, 1866, and due at thirty days. The Justice gave judgment in favor of Crow, for $429.80; from which Cunningham appealed to the Circuit Court of Lauderdale County.
In the Circuit Court, Cunningham gave notice that he would insist, by way of set-off, on the value of four bales of cotton delivered to the plaintiff on the — day of November, 1866, the receipt of which had been acknowledged in writing.
The cause was submitted to a jury, and, on the trial, the defendant, under the charge of the Court, obtained a verdict on his set-off, of $289.79, upon *257 which judgment was rendered against the plaintiff; and from which he has appealed in error to this Court.
On the trial, it was proven that the note sued on was executed for a balance due the plaintiff on an account, and that, at the time of its execution, Crow gave to the defendant the following memorandum in writing:
“Mr. Cunningham claims to have lost four or five bales of cotton,, by shipping it to W. E. Dickerson & Co.; and it is understood, that this note is not to release P. A. Crow from any responsibility as an interested party with W. E. Dickerson & Co.
“December 1, 1866. P. A. Grow.”
The defendant also offered in evidence, the following receipt:
“Received of James C. Cunningham, four bales of cotton, per T. S. Taylor. November 4, 1865.
“P. A. Crow & Co.”
It further appears, that W. E. Dickerson, under the firm name of “W. E. Dickerson & Co.,” was engaged in shipping cotton; and, that the plaintiff, Crow, had previously agreed to go into partnership with him in that business, on condition, his partners in a dry goods house, Shybrook & Roland, of St. Louis, consented thereto. . They withheld their consent, and he never did become the partner of Dickerson in shipping cotton, who, it seems, conducted the business in the firm name of “Dickerson & Co.,” although, in fact, he alone constituted the firm.
The plaintiff, P. A. Crow, as a member of the firm of “P. A. Crow & Co.,” did business in the same *258 building *in wbich Dickerson kept his office; but the business of the two parties were separate and distinct from each other.
It also appears, that, in 1865, one E. Williams, hauled four bales of cotton for the defendant, Cunningham, which was delivered to the plaintiff, at his mercantile house, in which Dickerson, under the name of “Dickerson & Co.,” kept his office. This cotton does not appear to have been accounted for by the' plaintiff, or any one else, to the defendant. The proof as to the plaintiff’s individual or joint liability for the cotton is greatly confused, and involved in much uncertainty. But this question was left fairly to the jury, and they found in favor of his individual liability, and gave the defendant the value of the four bales, by way of set-off; and we cannot, on that ground, disturb the verdict.
But, after • extinguishing the plaintiff’s demand, the Court, on the verdict of the jury, rendered a judgment in favor of the defendant, for $289.79, which was $89.79 over the jurisdiction of a Justice of the Peace.
By a well settled rule of this Court, in cases of appeals from a Justice of the Peace, to the Circuit Court, the jurisdiction of the Circuit Court is limited to the jurisdiction of the Justice of the Peace. If the Justice had no jurisdiction to have rendered a judgment for .more than $250, on the matter of the set-off, as it is clear lie had not, it is obvious the Circuit Court had no power to render judgment for a greater amount: Gray vs. James, 1 Head, 542.
The fact that the cause was heard de novo, in the *259 Circuit Court, and that tbe plea of set-off entered in that Court, bad not been relied on in the Justice’s Court, can make no difference. It was still the same case, and the Circuit Court gained no greater or more enlarged jurisdiction over the matter of set-off, through the plea or notice, than the Justice would have exercised had it been relied on before him.
'Rj the Code, sec. 4161, the defendant, before judgment, might have remitted the excess over the Justice’s jurisdiction, and taken a valid judgment for a sum within his jurisdiction. But this he failed to do, and we are now called upon to allow the excess to be remitted in this Court.
There are cases to be found in our Reports, in which this Court has allowed a remititer to be entered here, but upon examination, they will be found to stand on a different ground than the case now under review. The set-off is in the nature of a cross-acton, and under the Code, sections. 4160, and 4161, if the sum found by the Justice as a set-off, exceeds his jurisdiction, the defendant may remit it, and take judgment for the balance; so, by sec. 4162, if the defendant’s set-off after satisfying the plaintiff’s debt, exceed the Magistrate’s jurisdiction, the defendant may enter on the Justice’s docket, a satisfaction of so much of his claim, as the amount of the plaintiff’s demand, as ascertained by the Justice, and tender the plaintiff a receipt for the amount thus set-off; in which case judgment shall be rendered in favor of the defendant for costs.
*260 But the statute confers, in such a case, no power on the Justice to render a judgment in faver of the defendant, for an amount beyond his jurisdiction; and we cannot create the power by allowing a remititer to be entered here for the excess: Dickson vs. Caruthers; 9 Yer., 30.
The judgment must, be reversed, and the cause remanded.