## TUCK v. CHAFFIN.

### (*Nashville.* January 24, 1891.)

1. CIRCUIT COURT. *Jurisdiction to condemn land levied upon by Magistrate's execution. Original and unlimited in amount.*

The jurisdiction of Circuit Courts to condemn lands to sale which have been levied upon by virtue of an execution properly issued upon a judgment of a Justice of the Peace, is not appellate, but original, and therefore not subject to the limitation as to amount placed upon the jurisdiction of Justices of the Peace.

Code construed: §§ 3793–3796 (M. & V.).; §§ 3080–3083 (T. & S.):

Cases cited and approved: Dixon *v.* Caruthers, 9 Yer., 30; Gray *v.* Jones, 1 Head, 544; Houser *v.* McKennon, 1 Bax., 288; Jacobs *v.* Parker, 7 Bax., 434; Harris *v.* Hadden, 7 Lea, 216.

2. SAME. *Same. Several executions in favor of same person levied at same time and upon same land.*

And under the statute providing that "where several executions in favor of the same plaintiff are returned at the same term of the Court, levied on the same tract of land, they shall all be included in one judgment of condemnation, and only one order of sale [shall] issue," it is not material that the aggregate amount of all the judgments exceeds $1,000—the *maximum* amount of the jurisdiction of Justices of the Peace.

Code construed: § 3796 (M. & V.); § 3083 (T. & S.).

---

FROM MACON.

---

Appeal from Chancery Court of Macon County. C. MARCHBANKS, Sp. Ch.

Tuck *v.* Chaffin.

J. S. McMurry and M. N. Alexander for Tuck.

I. L. Roark and Head & Wooten for Chaffin.

Caldwell, J. This is an ejectment bill. In 1876 complainant sold and conveyed to defendant nine hundred acres of lands for $1,000, and took his five promissory notes, for $200 each, for the purchase-money. These notes matured respectively on the first day of May, 1877, 1878, 1879, 1880, and 1881. None of them were paid. On June 15, 1881, Tuck recovered judgment against Chaffin before a Justice of the Peace, in one suit on three of these notes, for the aggregate sum of $640.50, and in another suit, on the other two notes, for the aggregate sum of $424.19. Two months later, on August 15, 1881, executions were issued on each of these judgments, and placed in the hands of the Sheriff, who, on the same day, levied them on the said 900 acres of land. Thereafter the Justice of the Peace transmitted the papers in both cases, at the same time, to the Circuit Court, where the land was condemned for sale, *in one order*, to satisfy the two judgments. In due season, one *venditioni exponas* was issued to the Sheriff, commanding him to expose the land to sale for the satisfaction of both judgments. The sale was regularly made. Tuck became the purchaser for the full amount of his two judgments, and received a deed, with proper recitals, from the Sheriff.

In January, 1883, Tuck brought this bill against

Chaffin to recover the possession of the land.
Several matters of defense were interposed by the
defendant, but the Chancellor, who heard the cause
on pleadings and proof, was of opinion that com-
plainant was entitled to the relief sought, and
pronounced a decree accordingly. The defendant
has appealed, and assigned errors.

. The principal defense set up in the answer be-
low, and urged in the assignment of errors here,
is based upon the conceded fact that the Circuit
Court pronounced but one judgment of condemna-
tion, and awarded but one *venditioni exponas* for
the satisfaction of the two judgments, which ag-
gregated $1,064.69. The proposition is that the
action of the Circuit Court was null and void for
want of jurisdiction of the amount ($1,064.69) cov-
ered by the judgment of condemnation; that, be-
cause the *maximum* jurisdiction of a Justice of
the Peace in an action on notes of hand is $1,000,
the Circuit Court, in condemning land for the sat-
isfaction of judgments on such notes, can have
jurisdiction of no greater amount.

It is not to be controverted that, as to amount,
the jurisdiction of the Circuit Court, in matters
of appeal and *certiorari*, is limited to that of the
Justice of the Peace before whom the action orig-
inated (9 Yer., 30; 1 Head, 544; 1 Bax., 288; 7
Bax., 434; 7 Lea, 216), except in the case of inter-
est accruing after the judgment of the Justice (7
Heis., 373); but that rule has no application to
the present case.

In the condemnation of the land the Circuit Court was not required to do what the Justice of the Peace should have done, as in case of appeal or *certiorari;* its jurisdiction was not appellate, but original.   Code, §§ 3080 to 3083, inclusive.

The jurisdiction of the Circuit Court in condemning land properly levied on is unlimited. Section 3083 of the Code provides that, "where several executions in favor of the same plaintiff are returned at the, same term of the Court,- levied on the same tract of land, they shall all be included in one judgment of condemnation, and only one order of sale [shall] issue."   The action of the Circuit Court in the case before us was in conformity with this provision.   The two executions, included in the one judgment of condemnation, and for the satisfaction of which a single order of sale was issued, were in favor of the same plaintiff, levied on the same tract of land, and returned to the same term of the Court.   That the aggregate of the two executions was more than $1,000 is wholly immaterial.

The other assignments of error need not be mentioned in detail.   Like the one just considered, none of them are well taken.

Let the decree be affirmed.   The defendant will pay all costs.