Flanagan *v.* Grocery Co.

FLANAGAN *v.* GROCERY COMPANY.

(*Jackson.* April 17, 1897.)

1. JUDGMENT. *Against married woman, void.*

A judgment *in personam* against a married woman, in the teeth of her plea of coverture, for a debt contracted during marriage, is void, although rendered upon a contract binding her separate estate. (*Post, p. 601.*)

2. SEPARATE ESTATE. *Must be described in proceedings to subject.*

A creditor who seeks to have the separate estate of a married woman applied to the satisfaction of a debt which she has agreed shall be a charge upon it, must, in his proceedings, point out such separate estate, as the existence of such an estate, within reach of the process of the Court, is a jurisdictional fact. (*Post, p. 601.*)

3. SAME. *What can be subjected to debts.*

Contracts or undertakings entered into by married women, charging their separate estate with debts, can only be enforced against the separate estate free from restraint which she held at the time of entering into the engagement, or so much thereof as remains in her ownership at the time judgment is rendered. (*Post, pp. 601, 602.*)

4. SAME. *Justices of the Peace have no power over.*

A Justice of the Peace has no jurisdiction to subject, in any form, the separate estate of a married woman to her debt, as the estate is purely equitable in its nature, and the statute providing that the jurisdiction of Justices of the Peace extends to all equity causes when the subject-matter does not exceed fifty dollars, and that any Justice before whom any cause may be pending, where the subject-matter does not exceed that amount, shall hear and determine it upon the principles of equity and render such judgment or decree as the merits may require, in the same manner as Courts of Chancery, do not clothe Justices with the power of a Chancellor, but merely authorizes them to determine cases by equitable principles, if necessary. (*Post, pp. 602, 603.*)

Flanagan *v.* Grocery Co.

Code construed: §§ 5935, 5936 (S.); §§ 4898, 4899 (M. & V.); §§ 4123, 4124 (T. & S.).

Cases cited and approved: Putnam *v.* Bently, 8 Bax., 85; State *v.* Covington, 4 Lea, 51; Anderson *v.* Kimbrough, 5 Cold., 260; Harris *v.* Hadden, 7 Lea, 216.

FROM SHELBY.

Appeal in error from Second Circuit Court of Shelby County. J. S. GALLOWAY, J.

DUNCAN & BRADEN for Flanagan.

F. ZIMMERMAN for Grocery Company.

BEARD, J. This is an action of debt instituted in a Justice's Court. The warrant is in the form usual in that action. In that Court as well as in the Circuit Court, to which the case was appealed, the plaintiff in error, A. C. Flanagan, filed a plea of coverture. Over this plea, and in the face of the admitted fact that she was a married woman, in both Courts a judgment was rendered against her, and also against her husband, J. W. Flanagan. The Circuit Judge, in rendering this judgment against Mrs. Flanagan, recited, as a fact, that the debt sued for was, when created, fixed by her as a charge on her separate estate, and directed the execution issued upon this judgment, "to be satisfied

Flanagan *v.* Grocery Co.

out of such estate, of whatever description and wherever situated.'' Conceding the evidence is clear that this debt was contracted upon the faith of the separate estate, there are three reasons why this judgment cannot be sustained, so far as Mrs. Flanagan is concerned:

1. It is a judgment in person against a married woman, in the face of her plea of coverture, on a debt contracted during marriage. Such a judgment is void. *Warner* v. *Freeman*, 1 Pick., 513.

2. Even if Mrs. Flanagan had a separate estate which plaintiff below was entitled to reach, yet having failed anywhere in the proceedings to define or designate it, the judgment was necessarily a nullity. As a creditor is not entitled to a personal judgment against a married woman when he comes into a Court of competent jurisdiction and seeks to have her separate estate applied to the satisfaction of a debt which he avers she has agreed shall be a charge upon it, he must, in his proceedings, point out such separate estate; for the existence of such an estate, within the reach of the process of the Court, is a jurisdictional fact. Without it the judgment of the Court would be *brutum fulmen.*

Independent, however, of this fatal omission, the impropriety of a general judgment such as this, to be satisfied, as it recites, out of the ''separate estate of this married woman, of whatever description and wherever situated,'' is apparent, when it is remembered that such estate as she may hold subject

to restraint upon alienation, as. well as such as she may have acquired since she incurred the obligation sued on, could not be seized on execution. It is now settled that contracts or undertakings entered into by a *feme covert* can only be enforced against the separate estate, free from restraint, which she held at the time of entering into the engagement, or so much thereof as remains in . her ownership at the time when the judgment is rendered. 3 Pom. Eq. Jur., Sec. 1123.

3. The Justice of the Peace was without jurisdiction to subject in any form the separate estate of this married woman to this debt or engagement; and the jurisdiction of the Circuit Court, on appeal, was only co-extensive with that of the Justice. 5 Cold., 260; 7 Lea, 216. It is elementary that this estate is purely equitable in its nature, and can only be subjected to the engagements of its owner through a Chancery Court. While conceding this, it would seem, however, that jurisdiction is claimed in this case for the Justice, under § 5935, Subsec. 6, and § 5936 of Shannon's Code. Section 5935 and Subsec. 6 provides that "the jurisdiction of Justices of the Peace in civil cases extends to all equity causes where the subject-matter does not exceed fifty dollars." Section 5936 is as follows: "Any Justice of the Peace, and any Court of this State, before whom any cause may be pending, by appeal or otherwise, where the subject-matter does not exceed fifty dollars, shall hear and determine such causes upon principles of equity, and

Flanagan *v.* Grocery Co.

render such judgment or decree as the merits of the case may require, and in the same manner as causes of chancery."

These sections have been construed by this Court in *Putnam* v. *Bentley*, 8 Bax., 85, and in *State* v. *Covington*, 4 Lea, 51. These cases distinctly announce that it was not the purpose of this legislation to constitute a Justice of the Peace, in cases covered by these sections, a Chancellor, or to confer upon his Court the extraordinary jurisdiction of a Chancellor, but its entire scope was to authorize him, in a case where equitable considerations were involved, to determine it upon equitable principles. We are entirely satisfied with this view and that the plaintiff below erred in seeking relief against Mrs. Flanagan's separate estate in a Justice's Court.

The judgment of the lower Court is therefore reversed against Mrs. Flanagan on these grounds, and against J. W. Flanagan, as there is no evidence to support it.