Ex parte MRS. HAROLD T. WOLFENDEN and HAR-
OLD T. WOLFENDEN. —349 S. W. (2d) 713.

Middle Section. October 9, 1959.

Certiorari Denied by Supreme Court May 4, 1960.

J. M. Grissim and Charles Cosner, Nashville, for appellant.

Elvin Woodroof, Nashville, for appellee.

HUMPHREYS, J. ■ We think this cause must be remanded under Section 27-329, Tennessee Code Annotated, for an additional finding of facts. Hicks v. Hicks, 168 Tenn. 539, 79 S. W. (2d) 802. The appeal in this case is from the Circuit Court of Davidson County, from the action of the court in dismissing the original petition of Mrs. Harold T. Wolfenden joined in and consented to by her husband Harold T. Wolfenden, the natural father of Beverly Ann, to adopt her stepdaughter Beverly Ann,

and sustaining the cross-petition of Robert C. Wolfenden, an uncle of Beverly Ann, and wife Annabelle Wolfenden, to adopt her. A vital issue in that proceeding, on the basis of allegations in the answer and cross-petition of Robert C. Wolfenden and wife, was whether Harold T. Wolfenden, the natural father of the child had abandoned the child by delivering it into the custody of the uncle and aunt to be permanently kept by them and reared in their home as their own child. The original petitioner contended before the trial judge and contends by assignment of error here that in the absence of a statutory consent to adoption by its parents, the circuit court had no jurisdiction to award a child for adoption without a finding that the child had been abandoned. This insistence is based upon Section 36-110, T. C. A., as amended. The trial judge was of opinion that regardless of the provisions of Section 36-110, he had jurisdiction to award adoption solely on the basis of the paramount best interest and welfare of the minor child involved in the adoption proceeding, and declined to make an additional find of fact with respect to the alleged permanent relinquishment, and its legal affect, his finding in that regard being as follows:

*"Additional Finding of Facts*

"The Court having been requested additional finding of facts in this cause, finds as follows:

(1) That the Court did not consider it necessary to find that the natural father, Harold T. Wolfenden, did or did not abandon the minor child involved in this cause."

Without regard at this time to the proper construction of Section 36-110, T. C. A., the issue of fact whether the

4

natural father delivered the child into the custody of the uncle and aunt on a permanent basis is of course of vital importance. The answer to this issue could weigh heavily with this Court in considering whether the Circuit Court was right in sustaining the cross-petition and in dismissing the original petition and granting adoption to the aunt and uncle. And, under this record, we think this issue of fact should be resolved in the first instance by the trial court because it is sharply drawn, the answer largely depending upon the credibility of the witnesses, about which the trial judge would know more than we would, since he saw and heard the witnesses on the witness stand.

We should like to point out that in resolving the issue of abandonment, the circuit judge is not limited by the definition of an abandoned child found in Section 36-102(5):

"For the purpose of this chapter, an abandoned child shall be any child under the age of eighteen (18) years who shall be willfully abandoned at least four (4) consecutive months immediately preceding institution of an action or proceeding to declare the child to be abandoned child."

This definition applies according to its express provisions only in case there is an "action or proceeding to declare the child to be abandoned child," and has not been extended by amendment or construction to apply when the issue of abandonment is under consideration in an adoption proceeding in the circuit or chancery court.

Under the opinion of the Supreme Court in Young v. Smith et al., 191 Tenn. 25, 231 S. W. (2d) 365, it is our duty to construe the adoption law generally so as to

achieve a primary result: the adoption of children under circumstances and conditions most likely to be for their best welfare. The adoption law would be largely nullified, if we were to construe Section 36-102(5), T. C. A. as placing it within the power of a disappointed parent to avoid the effect of an actual abandonment by any conduct inconsistent with that actual abandonment engaged in within four months of the time of the commencement of the adoption proceedings. So, the issue of abandonment should be resolved by the Circuit Court under the following statement of the law:

"Abandonment imports any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child. It does not follow that the purpose may not be repented of, and, in proper cases all parental rights again acquired. * * * but when abandonment is shown to have existed, it becomes a judicial question whether it really has been terminated, or can be, consistently with the welfare of the child." 1 Am. Jur. Adoption of Children, Section 42.

Compare our holding here with Young v. Smith et al., supra, where it was held that, although the 1949 adoption statute expressly provided that an adoption could only be decreed upon a written consent of the parent, such consent would be inferred from an actual abandonment, so as to effectuate the primary purpose of the adoption law as above stated.

The cause is hereby remanded to the Circuit Court of Davidson County for proceedings in keeping with this opinion.