**Pellie HODGES et al.,
Plaintiffs-Appellants,**

v.

**Georgia H. Allen HUNTINGTON, et vir,
Defendants-Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

Nov. 20, 1979.

Permission to Appeal Denied by Supreme
Court Feb. 25, 1980.

---

1. In *Braden* the discovery doctrine was not an issue and the plaintiff filed suit prior to his nineteenth birthday.

William H. Goddard, of Strand & Goddard, Dandridge, for plaintiffs-appellants.

Gary R. Wade, of Ogle & Wade, Sevierville, for defendants-appellees.

## OPINION

FRANKS, Judge.

The issue in this case is whether the Trial Justice Court of Sevier County, established by Private Act[1] of the Legislature, has jurisdiction to determine cases involving boundary line disputes between adjoining property owners.

This suit seeks to establish the boundary line between the parties. Defendants filed a motion for summary judgment, attaching certified copies of a complaint and judgment, entered November 12, 1976, establishing the boundary line between defendants and plaintiffs' predecessors in interest, in the Trial Justice Court of Sevier County.

The chancellor granted summary judgment since the issues were previously determined by the Trial Justice Court of Sevier County. The Trial Justice Court of Sevier County is a court of limited jurisdiction and the jurisdictional issue is properly before us.

"The settled rule in this State is, that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court of special and limited jurisdiction, except that which is expressly alleged. [Citations omitted.]"

*Brewer v. Griggs*, 10 Tenn.App. 378 at 394 (1929); *Accord Bomar v. Stewart*, 201 Tenn. 480, 300 S.W.2d 885 (1957); 49 C.J.S. *Judgments* § 425(b), p. 841.

The jurisdiction of the Trial Justice Court existing at the time of the adjudication was granted by the General Assembly in the 1975 Private Acts, chapter 105:

[T]he court is vested with all the civil and criminal jurisdiction of the Courts of General Sessions as set forth in Chapter 11 of Title 16, Tennessee Code Annotated, and any amendments thereto as well as being *vested with the jurisdiction of the* Circuit and *Chancery Courts* of the state of Tennessee *as the same is set forth by general law* in civil matters up to ten thousand dollars ($10,000), and *in equity matters up to five thousand dollars ($5,000), such limitations determinable by the amount of money relief demanded or the value of any relief sought.* [Emphasis supplied.]

The 1973 Private Act creating the court vested the Trial Justice Court with power to issue injunctions and other kinds of extraordinary process. Sec. 13, 1973 Private Acts, ch. 34.

A grant of equity jurisdiction to a court of limited jurisdiction, limited by dollar amount, does not constitute the judge a chancellor nor confer upon the court the extraordinary jurisdiction of a chancellor. *Flanagan v. Grocery Co.*, 98 Tenn. 599, 40 S.W. 1079 (1897). The grant of jurisdiction to the Trial Justice Court "in equity matters up to five thousand dollars ($5,000)" refers to that class of cases where the right of action itself is of an equitable nature and not those cases where the remedy is of such a nature that a court of chancery only can apply. *See Covert v. Nashville, C. & St. L. Ry.*, 186 Tenn. 142, 148, 208 S.W.2d 1008, 1010, (1948), and cases therein cited. The

1. The Trial Justice Court was created by Private Acts of 1973, ch. 34, and extensively revised by Private Acts, 1975, ch. 105.

Further Private Acts relating to that court, but not germane to this cause, were enacted in 1976, ch. 222, and 1979, ch. 65.

contrary interpretation would vest the Trial Justice Court with full chancery court jurisdiction except limited by the dollar amount in those cases purely equitable in nature; this clearly was not the intent of the Legislature as expressed in the Private Acts.

■ Absent a grant of statutory jurisdiction, a court of equity may not assume jurisdiction over a controversy or a dispute over the location of a boundary line between adjacent landowners. *Boundaries*, 12 Am.Jur.2d, § 92, p. 628; 11 C.J.S. *Boundaries* § 99, pp. 684–5. By statute, chancery courts in Tennessee are given jurisdiction to determine all boundary line disputes. *T.C.A.*, § 16–606.[2]

■ *Gibson's Suits in Chancery*, vol. 1, 5th Ed., § 34, p. 32, notes that our courts have uniformly held "that the restriction and limitation of the inherent jurisdiction of the Chancery Court to a sum exceeding fifty dollars applies only when the jurisdiction turns wholly upon the amount involved. If the jurisdiction to grant the relief sought is exclusively conferred, . . upon the Chancery Court, the limitation as to amount does not apply, *there being no other remedy.*" (Emphasis original.) As a corollary, a grant of equitable jurisdiction, based solely on the amount involved, applies only to the inherent jurisdiction of chancery court. In the following section of *Gibson's*, § 35, several examples of statutory jurisdiction granted exclusively to chancery court are mentioned, including jurisdiction to determine disputed boundary lines between lands. *See also Montgomery v. Nicely*, 42 Tenn.App. 223, 301 S.W.2d 379 (1956).

■ Since a boundary line dispute is not an equity matter subject to measure by a monetary amount, the Trial Justice Court of Sevier County has no jurisdiction in those cases, absent an express statutory grant of that particular subject matter jurisdiction. In reaching this determination, we have not overlooked appellees' argument that the pleadings in the Trial Justice Court

asked for damages of $1,000.00 for the construction of a fence purporting to be the boundary line but encroaching upon plaintiffs' property.

The Trial Justice Court, in decreeing the boundary line, reserved judgment on the issue of monetary damages. *T.C.A.*, § 16–606, vests jurisdiction in chancery court for boundary line disputes where other issues are involved in the case. The allegation of damages in the complaint filed in the Trial Justice Court does not establish jurisdiction under the statutory grant of limited equitable jurisdiction in that court. 12 Am. Jur.2d, *Boundaries*, § 92, cited above, states in part:

> In the absence of any special statutory jurisdiction granted to it, a court of equity is not authorized to assume jurisdiction over a mere controversy or dispute over the location of a boundary line between adjacent landowners or a confusion of boundaries. There must be, in addition to this, some special ground of equitable interposition, such as a mutual mistake of the parties, fraud, misconduct, or unfairness on the part of the defendant, or the existence of a relationship between the parties which makes it the duty of one of them to preserve and protect the boundary, and a neglect of such duty so that the boundary has become confused, before a court of equity will assume jurisdiction and fix or determine the location of confused or obliterated boundary lines. . . . In other words, *equitable powers with relation to boundary disputes may be exercised only where such dispute is ancillary to the main issue in the case*, and then only under the rule that equitable jurisdiction taken for one purpose is taken for all purposes, and complete relief will be granted; *the matter of the boundary must be truly ancillary to the main issue and not merely a pretext for the exercise of the jurisdiction of equity.* [Emphasis supplied.] pp. 628–9.

The summary judgment granted by the chancery court is reversed and the cause

---

**2.** § 16–606.~ *Boundary disputes.*—The chancery court has jurisdiction to hear and determine all cases in which the boundary line or

lines of adjoining or contiguous tracts of land is one, or the only question at issue in the case.

remanded to determine the boundary line dispute between the parties. We are not critical of the trial courts or the parties' positions in this matter. The variegated jurisdictions of our courts have prompted Professor Overton to observe: "One of the most significant characteristics of the Judicial System in Tennessee is the uncertainty and confusion that abounds. It is related to the problem of concurrent jurisdiction, but is independent of that and defies the investigator in many situations to come up with an answer that is demonstrably correct." [3]

Costs incident to the appeal are taxed against the defendants-appellees.

PARROTT, P. J. (E. S.), and GODDARD, J., concur.

---

3. 32 Tenn.L.Rev., No. 4 (1965), *Judicial System in Tennessee and Potentialities for Reorganization*, Elvin E. Overton, p. 501 at 525.