William W. RIDEN and wife,
Grace Riden, Appellants,

v.

Paul D. SNIDER and wife, Betty
L. Snider, Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Nov. 19, 1991.

Andrew J. Evans, Jr., Knoxville, for appellants.

David T. Black and Martha S.L. Black, with Kizer and Black, Maryville, for appellees.

## OPINION

SANDERS, Presiding Judge, Eastern Section.

Appellants have appealed from a judgment in the circuit court overruling their Rule 60.02, T.R.C.P., motion to relieve them from a judgment formerly entered by the court fixing the boundary line between the parties and dividing a disputed parcel of land between the parties.

This case has its origin in the general sessions court in Blount County wherein

the Appellees, Paul Snider and wife, Betty Snider (the Sniders) filed suit, asking for compensatory and punitive damages against Appellants William Riden and Grace Riden (the Ridens) for trespass.

The parties each own property in Blount County which borders on a 30-foot strip of land to which they both claim title. In 1988 the Sniders filed suit in the general sessions court charging the Ridens with trespass on the disputed property and asking for compensatory and punitive damages. The Ridens did not appear and the sessions court judge entered a judgment against the Ridens for compensatory and punitive damages. He also enjoined them from trespassing on the property.

The Ridens filed a timely appeal to the circuit court. In the circuit court they filed an answer to the Sniders' complaint, saying they were not guilty of trespass because they owned the property. They also filed a counterclaim alleging they owned the property and asking for damages for trespass by the Sniders.

Upon the trial of the case the circuit court found that neither of the parties owned the 30-foot strip of land, but it had been abandoned by the original owner and should be divided between the parties. He entered a judgment on April 21, 1989, conveying title to one-half of the property to the Sniders and one-half to the Ridens. He also dismissed the Ridens' counter complaint for damages and the Sniders' complaint for damages. The Ridens filed notice of appeal but the appeal was not perfected and the judgment became final.

The Ridens filed a Rule 60.02, T.R.C.P., motion in the Blount County Circuit Court asking the court to declare its original judgment of April 21, 1989, null and void on the ground the circuit court lacked subject matter jurisdiction to issue such an order because the general sessions court lacked the requisite subject matter jurisdiction. The court overruled the Ridens' motion and they appealed, saying the court was in error.

■ The circuit court heard the case de novo pursuant to the appeal by the Ridens from the general sessions court. Since that court was acting as an appellate body pursuant to T.C.A. § 16–10–112, it could only exercise such subject matter jurisdiction as the general sessions court had. "The only jurisdiction which the circuit court had in this case was appellate and not original; that is, only such jurisdiction as the court of general sessions had." *Marlin v. Merrill*, 25 Tenn.App. 328, 156 S.W.2d 814 at 818 (1941). Likewise, a circuit court cannot validate a judgment which the general sessions court had no jurisdiction to make:

> Neither could the judgment of circuit court give validity to the proceedings because it was the judgment of that court not by virtue of its original jurisdiction but only in the exercise of its appellate jurisdiction and in such a case the judgment for its validity must depend upon whether the justice had jurisdiction in the first instance.

*New York Casualty Co. v. Lawson*, 160 Tenn. 329, 339–40, 24 S.W.2d 881, 884 (1929). *See also Crow v. Cunningham*, 45 Tenn. 255, 258–9 (1868); *Tuck v. Chaffin*, 89 Tenn. 566 at 568, 15 S.W. 97 (1890).

■ In this suit, the general sessions court awarded damages for the common law tort of trespass. On appeal, the circuit court made a determination not only on trespass and damages therefor, but upon a boundary line and title dispute. General sessions courts generally do not have subject matter jurisdiction over boundary line disputes unless specifically expressed by statute. *Hodges v. Huntington*, 595 S.W.2d 824 (Tenn.App.1979). While a general sessions court may hear suits in equity pursuant to T.C.A. § 16–15–501, the statute does not confer upon the court the extraordinary jurisdiction of a chancellor. As stated in *Hodges:*

> The contrary interpretation would vest the Trial Justice Court with full chancery court jurisdiction except limited by the dollar amount in those cases purely equitable in nature; this clearly was not the intent of the Legislature as expressed in the Private Acts.

Absent a grant of statutory jurisdiction, a court of equity may not assume

jurisdiction over a controversy or a dispute over the location of a boundary line between adjacent landowners.

*Hodges,* 595 S.W.2d at 826.

■ The Private Act of 1965, Chapter 202 § 19, p. 680 vests the General Sessions Court of Blount County with the power to hear some cases of an equitable nature but not the right to hear title or boundary line disputes. Therefore, the General Sessions Court of Blount County has no subject matter jurisdiction to determine a boundary line or title dispute. As an appellate body, the circuit court, likewise, had no authority to adjudicate title to real estate and fix a boundary line between the parties' properties.

Sniders contend that, since the Ridens voluntarily brought the counterclaim before the circuit court, they waived their objections to subject matter jurisdiction. This insistence is based upon our supreme court's interpretation of T.C.A. § 16–10–111:

[A]ny suit of an equitable nature brought in the Circuit Court where objection has not been taken to the jurisdiction, may be transferred to the Chancery Court of the county, or heard and determined by the Circuit Court upon the principles of equity, with power to order and take all proper accounts, and otherwise to perform the functions of Chancery Court.

*Junot v. Estate of Gilliam,* 759 S.W.2d 654, 655 (Tenn.1988).

This section, however, pertains to original, not appellate, jurisdiction of the circuit court.

■ Subject matter jurisdiction cannot be created or waived merely by one or both parties' actions. "[S]ubject matter jurisdiction may not [be waived]." *Mid–South Pavers v. Arnco Construction, Inc.,* 771 S.W.2d 420, 423 (Tenn.App.1989). If there is no subject matter jurisdiction, the court's order is void:

Courts derive their powers to adjudicate not from the parties, but from the law. A Court acting without jurisdiction of the subject matter, or beyond the jurisdiction conferred upon it, is therefore acting without authority of law and its judgments and decrees in so acting are void and bind no one. (Citations omitted.) It necessarily follows therefore that jurisdiction over the subject matter can not be conferred or enlarged by waiver, consent or estoppel.

*Brown v. Brown,* 198 Tenn. 600, 281 S.W.2d 492 at 501 (1955). *See also County of Shelby v. City of Memphis,* 211 Tenn. 410, 365 S.W.2d 291, 292 (1963); *Curtis v. Garrison,* 211 Tenn. 339, 364 S.W.2d 933, 935 (1963).

This black letter rule of law exists because: "[J]urisdiction of the subject matter is conferred by the Constitution and statutes...." *Turpin v. Conner Brothers Excavating Co., Inc.,* 761 S.W.2d 296, 297 (Tenn.1988).

Plaintiffs further contend the original jurisdiction of the circuit court, which does allow such an action, was activated when the Defendants instituted the boundary line or title dispute by virtue of their counterclaim. Whether a counterclaim raising a new claim would activate original circuit court jurisdiction poses an interesting problem. Nevertheless, we do not decide the issue since it is clear the Ridens did not raise the boundary line dispute in their counterclaim. Their counterclaim sought only compensatory and punitive damages because of Sniders' trespass on the property.

The court determined neither of the parties was the title owner to the property they alleged the other trespassed upon and, for that reason, neither party was entitled to recover from the other. This the court had jurisdiction to do since the general sessions court had jurisdiction to make the same adjudication. It was only when the court went beyond this adjudication and adjudged one-half of the disputed property to the Sniders and one-half to the Ridens that it exceeded its jurisdiction. To this extent it was error for the court to deny the Rule 60.02, T.R.C.P., motion.

The judgment is modified to this extent. To the extent it is not modified, it is affirmed, and the case is remanded to the trial court for the entry of a judgment in

keeping with this opinion. The cost of this appeal is taxed to the Appellees.

FRANKS and McMURRAY, JJ., concur.