# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE

## STANLEY ARTHUR LAWSON v. VONDA LEA (LAWSON) MATTOX

**Appeal from the Chancery Court for Lawrence County**
**No. 6595 94    Jim T. Hamilton, Judge**

___

**No. M2005-02159-COA-R10-CV - Filed September 16, 2005**

___

The mother has filed a Tenn. R. App. P. 10 application for an extraordinary appeal from an ex parte Emergency Temporary Parenting Plan Order entered by the Chancery Court for Lawrence County on September 6, 2005. The mother asserts the trial court lacked jurisdiction to enter the order because it had transferred the case to the Chancery Court for Rutherford County in 2001. The father now agrees that the trial court lacks jurisdiction. We grant the application for an extraordinary appeal and vacate the Emergency Temporary Parenting Plan Order.[1]

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Chancery Court Vacated**

WILLIAM C. KOCH, JR., P.J., M.S., WILLIAM B. CAIN, PATRICIA J. COTTRELL, and FRANK G. CLEMENT, JR., JJ., delivered the opinion of the court.

Mitchell Keith Siskin, Murfreesboro, Tennessee, for the appellant, Vonda Lea (Lawson) Mattox.

Gary Wilton Nutt, Lawrenceburg, Tennessee, for the appellee, Stanley Arthur Lawson.

## MEMORANDUM OPINION[2]

The parties were divorced by the trial court in 1994. Pursuant to the parties' marital dissolution agreement, the mother was granted custody of the parties' two children. The parties' oldest child has since reached the age of majority and is not involved in this appeal. The mother and

___

[1] Pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24, 25 and 29, and find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 5, 1997) (No Tenn. R. App. P. 11 application filed).

[2] Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

minor child subsequently moved to Rutherford County, Tennessee, and the father moved to Alabama. Consequently, on July 3, 2001, the trial court transferred the case to the Chancery Court for Rutherford County pursuant to Tenn. Code Ann. § 36-5-3003(2001). The father's motion's to set aside the transfer was dismissed for failure to prosecute, and the Chancery Court for Rutherford County has exercised jurisdiction over the case since 2001. In addition, the Juvenile Court for Rutherford County heard a delinquency proceeding involving the minor child on September 7, 2005.

On September 6, 2005, the father filed a Petition for Emergency Residential Change and Petition to Modify Child Custody in the trial court. On the same date, the trial court entered an ex parte Emergency Temporary Parenting Plan Order granting the father temporary custody and allowing him to enroll the child in school in Alabama. Two days later, the child was removed from school by a deputy sheriff and placed in the custody of the father. The trial court has set the matter for a hearing on October 4, 2005.

As both parties now recognize, the Emergency Temporary Parenting Plan Order is void for lack of jurisdiction. The trial court lost jurisdiction over the matter when it transferred the case to the Chancery Court for Rutherford County in 2001. Tenn. Code Ann. § 36-5-3005 (2001) ("Upon receipt of the transferred documents and assignment of a docket number by the transferee court, the jurisdiction of the transferor court is terminated."). Moreover, the Juvenile Court for Rutherford County would appear to have exclusive jurisdiction to decide this custody dispute because proceedings have now been filed in that court alleging that the child is delinquent. Tenn. Code Ann. § 37-1-103(a)(1). Because the trial court did not have subject matter jurisdiction, its order is void and must be vacated. *Brown v. Brown*, 198 Tenn. 600, 610, 281 S.W.2d 492, 497 (1955); *Riden v. Snider*, 832 S.W.2d 341, 343 (Tenn. Ct. App. 1991).

The application for an extraordinary appeal is granted. The trial court's September 6, 2005 Emergency Temporary Parenting Plan Order is vacated, and the father's Petition for Emergency Residential Change and Petition to Modify Child Custody is dismissed for lack of jurisdiction without prejudice to the father filing a similar petition in a court of competent jurisdiction. In light of the parties' agreement and pursuant to Tenn. R. App. P. 42, the clerk shall issue mandate contemporaneously with this opinion. The costs of this appeal are taxed to Stanley Arthur Lawson for which execution, if necessary, may issue.

PER CURIAM