IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 22, 2014 Session

## JOHN WESLEY GREEN v. CHAMPS-ELYSEES, INC., ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 052817IV     Philip E. Smith, Chancellor**

---

**No. M2013-00951-COA-R3-CV** - **Filed August 15, 2014**

---

This appeal arises from a post-judgment discovery dispute. While the plaintiff's prior appeal from the trial court's judgment was pending in this court, the plaintiff made a discovery request in the trial court seeking to obtain alleged ex parte communications pertaining to the plaintiff's attorney, the plaintiff, or the case. The trial court conducted a hearing and entered an order denying the discovery request; this appeal followed. We have determined that the trial court lacked subject matter jurisdiction to rule on the plaintiff's discovery requests; therefore, the order at issue in this appeal is void. Further, this court's ruling in the prior appeal, which resolved all issues in the underlying case, is now a final judgment. The underlying case is concluded and, thus, no further proceedings are available other than the assessment and collection of costs.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

James D. R. Roberts and Janet L. Layman, Nashville, Tennessee, for the appellant, John Wesley Green, individually and as a shareholder of Champs-Elysees, Inc.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Janet M. Kleinfelter, Deputy Attorney General; for the appellee, Chancellor Perkins.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

This case concerns an intra-family dispute over the sale of stock in a closely held corporation. John Wesley Green brought a declaratory judgment action against Edna Green and others to compel the sale of stock to him. Champs-Elysees, Inc., intervened asserting claims against Mr. Green for the misappropriation of corporate funds. The trial court granted summary judgment to the defendants on claims of rescission and misappropriation of funds. This court reversed the grant of summary judgment on both claims and also reversed the trial court's denial of the plaintiff's motion to amend his complaint. *Green v. Green*, No. M2006-02119-COA-R3-CV, 2008 WL 624860, at *10 (Tenn. Ct. App. Mar. 5, 2008).

The Supreme Court held that this court erred in making reliance a necessary element of a claim for rescission under Tenn. Code Ann. § 48-2-122(b)(1),[1] but further held that this court correctly reversed the grants of summary judgment and the denial of the plaintiff's motion to amend the complaint. *Green v. Green*, 293 S.W.3d 493, 497 (Tenn. 2009). The case was remanded to the trial court for further proceedings. *Id.* at 519. The matter went to trial, and an appeal from the trial court's decision was filed on December 20, 2011.

On September 20, 2012, James D. R. Roberts, Jr., counsel for John Wesley Green, made a public records request to Davidson County Chancellor Carol M. McCoy, the judge who presided over the initial summary judgment proceedings in John Wesley Green's case against Edna Green, Champs-Elysees and others. Mr. Roberts requested seven categories of documents, including "[a]ll email communication between Chancellor Carol McCoy and Chancellor Russell Perkins relating in any way to James D. R. Roberts, Jr. or the case of Green v. Champs-Elysees, Incorporated, Case No. 05-2817-IV(II)(III)." Chancellor Perkins presided over the trial (on remand) of Mr. Green's case involving Edna Green, Champs-Elysees and others. Chancellor McCoy responded through counsel (namely, the Tennessee Attorney General) that, to the extent she had any documents that would be responsive to these requests, they were confidential and not subject to inspection pursuant to the judicial deliberative process privilege.

On November 6, 2012, Mr. Roberts filed suit against Chancellor McCoy alleging that she had violated the Public Records Act by refusing to produce the requested records. Senior Judge John Kerry Blackwood held a show cause hearing on December 19, 2012. The court ordered that documents responsive to categories five and seven of Mr. Roberts's request (which include the emails at issue here) be filed under seal so that the court could review them *in camera*. The court issued an order on January 11, 2013, finding that the requested records were confidential and privileged under the judicial deliberative privilege and were, therefore, not subject to inspection. The court dismissed Mr. Roberts's petition. In its order, the court gave a general description of the documents reviewed *in camera*. As to the

---

[1]This statute has subsequently been transferred to Tenn. Code Ann. § 48-1-122(b)(1).

2

requested emails, the court stated:

> One email from Chancellor Perkins to all Chancellors in Davidson County was produced. The email was a purported form order for the Chancellor to use concerning the issues that routinely appear in Court. The email requested the Chancellor to peruse the form and provide suggestions as to its utility or modification. This email was an intra Court communication between the judges inviting their thoughts about a judicial matter.

The court concluded that this email was protected under the judicial deliberative privilege.

On December 21, 2012, John Wesley Green filed a "motion for turnover of ex parte communications" under the docket number for his original case involving Edna Green, Champs-Elysees, and others (Davidson Chancery No. 05-2817-IV). At the time of Mr. Green's motion, the appeal of the trial court's decision was pending before this court.[2] He requested that the trial court turn over "all *ex parte* communications between the trial court and any other persons pursuant to Tenn. R. Sup. Ct. 10." In support of his motion, Mr. Green referenced Mr. Roberts's public records lawsuit, *Roberts v. McCoy* (Davidson Chancery No. 12-1597-IV). He attached the transcript of testimony by Chancellor McCoy at the show cause hearing. Chancellor McCoy stated that she received an email from Chancellor Perkins that had Mr. Roberts's name on it.

Chancellor Perkins recused himself from hearing Mr. Green's motion regarding ex parte communications,[3] and the matter was transferred to Judge Philip Smith. The motion was heard on March 21, 2013. Exhibits presented at the hearing included the transcript of Chancellor McCoy's testimony in *Roberts v. McCoy* and Judge Blackwood's order in that case. Judge Smith made the following findings and conclusions:

> 1. The issue of whether any ex parte communications exist has already been addressed by Judge Blackwood in his Order of January 11, 2013, in which he found that the email was "an intra Court communication between the judges inviting their thoughts about a judicial matter" and thus does not constitute an

---

[2]This court issued its opinion on September 11, 2013; the Supreme Court denied Mr. Green's Rule 11 application on January 14, 2014.

[3]In his order of recusal, dated January 3, 2013, Chancellor Perkins stated: "Although no such *ex parte* communications exist (and none have ever occurred), the Court recuses itself, but only as to this particular motion."

3

ex parte communication.

2.  Chancellor Perkins stated in his Order of January 3, 2013, that this E-mail is not an ex parte communication and that no ex parte communications have occurred in this case.

3.  Chancellor McCoy did not testify that this E-mail was an ex parte communication.

4.  Plaintiff has presented no other proof that Chancellor Perkins has engaged in ex parte communications and, therefore, there is no basis for this Court to go behind the January 3, 2013 Order of Chancellor Perkins and the January 11, 2013 Order of Senior Judge Blackwood.

5.  This case is currently on appeal before the Tennessee Court of Appeals and this Court does not have jurisdiction to grant the relief requested.

6.  The Plaintiff in this proceeding, John Wesley Green, is in privity with the Plaintiff, James D. R. Roberts, Jr., in the case of *Roberts v. McCoy*, No. 12-1597-IV, and, therefore, is collaterally estopped from requesting the E-mail as an ex parte communication.

Based on these findings and conclusions, the court denied the plaintiff's motion. John Wesley Green appealed the trial court's decision.

ANALYSIS

The parties have raised several issues, but we have determined that there is one dispositive issue: subject matter jurisdiction.

Subject matter jurisdiction generally presents a question of law, which we review de novo without a presumption of correctness. *Northland Ins. Co. v. State,* 33 S.W.3d 727, 729 (Tenn. 2000); *Harmon v. Jones*, No. E2010-02500-COA-R3-CV, 2012 WL 3291792, at *6 (Tenn. Ct. App. Aug. 14, 2012).

Subject matter jurisdiction concerns "a court's power to adjudicate a particular type of case." *Staats v. McKinnon*, 206 S.W.3d 532, 541 (Tenn. Ct. App. 2006); *see also Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). In a previous case, this court outlined the controlling principles:

4

Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative act, *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977), and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication. *Dishmon v. Shelby State Cmty. College*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999).

. . .

Judgments or orders entered by courts without subject matter jurisdiction are void, *Brown v. Brown*, 198 Tenn. 600, 610, 281 S.W.2d 492, 497 (1955); *Riden v. Snider*, 832 S.W.2d 341, 343 (Tenn. Ct. App. 1991); *Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn. Ct. App. 1988). The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated. Tenn. R. Civ. P. 12.08; Tenn. R. App. P. 13(b). Thus, when an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal. *J.W. Kelly & Co. v. Conner*, 122 Tenn. 339, 397, 123 S.W. 622, 637 (1909); *Dishmon v. Shelby State Cmty. College*, 15 S.W.3d at 480.

*First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 140-41 (Tenn. Ct. App. 2001).

In this case, the subject matter jurisdictional issue arises from the fact that, when Mr. Green filed his motion for turnover of ex parte communications, the case was on appeal to this court. This court has stated that, "once a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court." *Id.* at 141 (footnotes omitted). When the appeal is perfected, jurisdiction vests in the appellate court. *Id.* Until the appellate court issues a mandate returning the case to the trial court, the appellate court retains jurisdiction. *Id.* The purpose of these principles is to "keep cases together during the appellate process and prevent undesirable consequences of permitting a case to be pending in more than one court at the same time." *Id.*

Perfecting an appeal does not prevent the trial court from acting with regard to ancillary matters relating to the enforcement or collection of its judgment. *Id.* at 141 n.8. For example, Tenn. R. Civ. P. 69 permits judgment creditors to engage in post-judgment discovery using the same discovery methods that are used in pre-trial discovery and, if a judgment debtor declines to respond to post-judgment discovery, the trial court may enter an order to compel discovery pursuant to Tenn. R. Civ. P. 37. *Id.*

5

The discovery request at issue here was not an ancillary matter; accordingly, the trial court lacked jurisdiction to entertain Mr. Green's discovery request. We must, therefore, conclude that the trial court's order ruling on Mr. Green's motion was void. Moreover, now that the Supreme Court has denied Mr. Green's Tenn. R. App. P. 11 application and the mandate has issued, the case has been concluded for all purposes other than assessment of costs and execution, if necessary. Accordingly, further discovery, with the possible exception of discovery that may be necessary to collect costs for a party, is no longer available.

## CONCLUSION

The judgment of the trial court is void, and this appeal is hereby dismissed. Costs of appeal are taxed against the appellant, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE